SUMMARY ORDER

Petitioner Demir Seadinovski, an ethnic Albanian native of the former Yugoslavia and citizen of Macedonia, seeks review of a *714 May 5, 2008 order of the BIA affirming the June 23, 2006 decision of Immigration Judge (“IJ”) Annette S. Elstein, pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Demir Seadinovski, No. A79 329 253 (B.I.A. May 5, 2008), aff'g No. A79 329 253 (Immigr. Ct. N.Y. City June 23, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, because Seadinovski does not challenge the IJ’s pretermission of his untimely asylum application, we deem any such challenge to have been waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In any event, we generally lack jurisdiction to review such findings. See 8 U.S.C. § 1158(a)(3). Thus, we review only Seadinovski’s challenge to the agency’s denial of his applications for withholding of removal and CAT relief.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
The agency’s adverse credibility determination was supported by substantial evidence where Seadinovski conceded to submitting a false asylum application and lying under oath to an asylum officer. We have held that an adverse credibility finding may be reasonable based on the applicant’s submission of a false document as evidence in an asylum proceeding. See Rui Ying Lin v. Gonzales, 445 F.3d 127, 133 (2d Cir.2006). Here, it is undisputed that Seadinovski filed an asylum application that contained material misrepresentations, such as the date and manner of his entry into the United States, the dates of particular events that allegedly occurred in Macedonia, and what happened during those events. Thus, the agency properly relied on the maxim of falsus in uno, falsus in omnibus — false in one thing, false in everything — in finding that Seadinovski’s false asylum application and false statements under oath undermined his amended application and subsequent testimony. See Rui Ying Lin, 445 F.3d at 133; see also Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007) (relying on the maxim to find that once an IJ concludes that a document is false, he or she is “free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant’s] veracity”). Seadinovski argues that he should not be penalized for acknowledging his prior misrepresentations. We are unconvinced. The knowing filing of a false asylum application casts a serious shadow on an applicant’s overall credibility. While applicants should be encouraged to recant false statements and withdraw false applications, the agency is not required to overlook such falsities in making its ultimate determination.
Contrary to Seadinovski’s argument that the IJ erred in failing to conduct a separate CAT analysis, because Seadinovski’s CAT claim was based on the same allegations the agency found not credible, that claim necessarily fails. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005); cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004). Having found no error in the agency’s credibility determination, we need not reach its alternative burden of proof finding.
*715 For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.